# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FLORENCE JOHNSON-FRANKLIN,

       Plaintiff,

v

WALMART, INC.,

       Defendant.

CASE NO.: **21-cv-10663**

HON

MAG. JUDGE

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | RICHARD G. SZYMCZAK (P29230) |
| KATHERINE H. OLDS (P84603) | ROCHELLE L. CLARKE (P79054) |
| MARKO LAW, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1300 Broadway Street, Fifth Floor | 38505 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Phone:  313-777-7LAW | Phone:  248-342-7007/ 810-342-7020 |
| Facsimile:  313-771-5785 | Facsimile:   248-901-4040 |
| Email:  Katherine@markolaw.com | Email:rszymczak@plunkettcooney.com |
| | Email:  rclarke@plunkettcooney.com |

## NOTICE OF REMOVAL OF CAUSE TO THE
## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

NOW   COMES   the   Defendant,   WAL-MART   STORES   EAST,   LP

misidentified as WALMART, INC. by and through its attorneys, PLUNKETT

COONEY, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notify this Honorable Court of the removal of this action for the following reasons:

1.     On or about February 17, 2021, Plaintiff filed a lawsuit which is now pending in the Circuit Court for the County of Wayne, State of Michigan, bearing Case No.: 21-002187-NO.

2.     Defendant was served with the Summons and Complaint via certified mail on or about February 23, 2021.

3.     This action is a suit at common law of a civil nature, as alleged in Plaintiff's Complaint, brought by Plaintiff, Florence Johnson-Franklin, against Defendant, Wal-Mart Stores East, LP, misidentified as Walmart Inc., for negligence and premises liability, in which Plaintiff seeks monetary damages.

4.     This action involves a controversy which is wholly between citizens of different states.  Plaintiff commenced this action in the County of Wayne and is a resident of the State of Michigan.  Defendant is a Delaware limited partnership whose members are WSE Management, LLC and WSE Investment LLC, both of which are Delaware limited liability companies based in Arkansas. The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which is an Arkansas limited liability company with itsprincipal place of business in Bentonville, Arkansas. The sole member of Wal-Mart Stores East LLC is Wal-Mart Inc., formerly Wal-

Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas.

5.     This action filed by Plaintiff against Defendant is one involving complete diversity of citizenship under 28 U.S.C. § 1332(a) as a civil action between a citizen of the State of Michigan and the States of Delaware and Arkansas.

6.     This action is one over which the District Courts of the United States are given original jurisdiction.

7.     The time in which Defendant is required to file this Notice of Removal to Federal Court has not yet expired.

8.     Pursuant to Plaintiff's Complaint, Plaintiff seeks to recover monetary damages in connection with alleged injuries sustained as a result of Defendant's alleged negligence.

9.     Pursuant to Plaintiff's Complaint, Plaintiff seeks to recover damages in excess of $25,000.00 together with costs, interest and attorney fees in this matter, and further alleges that Plaintiff sustained numerous and serious injuries to her person.  Defendant asserts that, more likely than not, the amount in controversy exceeds the jurisdictional requirements of 28 U.S.C. § 1332(a) if Plaintiff prevails on her claims, which include, but are not limited to, alleged "limited mobility, ankle injury, back injury possibly requiring

surgery, joint injury, physical pain and suffering, emotional trauma and suffering, swelling and bruising."  Plaintiff further contends she has entitled to recovery for "medial costs, loss of wages and/or earning capacity, ... and future damages." Plaintiff has likewise declined to cap her damages below this court's jurisdictional limit.

10.     Under 28 U.S.C. § 1441 *et seq.*, Defendant is entitled to remove this action to the United States District Court for the Eastern District of Michigan, since the district court would have had original jurisdiction over Plaintiff's claims.  Attached to this Notice of Removal is a copy of the Summons and Complaint setting forth Plaintiff's claims for relief.  A written Notice of the Filing of this Removal has been given to all parties as required by law and is attached hereto.

11.     A true and correct copy of this Notice of Filing Removal and Notice of Removal is filed with the Clerk of the Court of the County of Wayne, State of Michigan, as provided by law.

Respectfully submitted,

**PLUNKETT COONEY**


By*/s/ Rochelle L. Clarke*
RICHARD G. SZYMCZAK (P29230)
ROCHELLE L. CLARKE (P79054)
PLUNKETT COONEY

Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Phone:  248-342-7007/ 810-342-7020
Facsimile:  248-901-4040
Email:rszymczak@plunkettcooney.com
Email:  rclarke@plunkettcooney.com

Dated:  March 25, 2021

## PROOF OF SERVICE

KIMBERLY WEBSTER certifies that on the 25th day of March, 2021, she caused to be served a copy of NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION and PROOF OF SERVICE via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, Southern Division, which will provide notice of this electronic filing to counsel of record.

*/s/Kimberly Webster*
KIMBERLY WEBSTER

Open.13046.11061.26089776-1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNT OF WAYNE

FLORENCE JOHNSON-FRANKLIN,

        Plaintiff,

v

WALMART, INC.,

        Defendant.

Case No:  21-002187-NO
Honorable Martha M. Snow

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | RICHARD G. SZYMCZAK (P29230) |
| KATHERINE H. OLDS (P84603) | ROCHELLE L. CLARKE (P79054) |
| MARKO LAW, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1300 Broadway Street, Fifth Floor | 38505 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Phone: 313-777-7LAW | Phone:  248-342-7007/ 810-342-7020 |
| Facsimile: 313-771-5785 | Facsimile:  248-901-4040 |
| Email:  Katherine@markolaw.com | Email:rszymczak@plunkettcooney.com |
| | Email:  rclarke@plunkettcooney.com |

**NOTICE OF FILING REMOVAL**

**TO:**    **CLERK OF THE COURT**
        **WAYNE COUNTY CIRCUIT COURT**
        **2 WOODWARD AVENUE**
        **DETROIT, MI 48226**

**-and-**

        **KATHERINE H. OLDS**
        **1300 Broadway Street, Fifth Floor**
        **Detroit, MI 48226**
        **Email:  Katherine@markolaw.com**

**PLEASE TAKE NOTICE** that Defendant have this day filed its Notice of Removal of this matter to the United States District Court, with the office of the Clerk of the Court for the United States District Court, Eastern District of Michigan, Southern Division, copies of which are attached hereto.

Respectfully submitted,

**PLUNKETT COONEY**

By_**/s/ Rochelle L. Clarke**_
RICHARD G. SZYMCZAK (P29230)
ROCHELLE L. CLARKE (P79054)
PLUNKETT COONEY
Attorneys for Defendant
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Phone:  248-342-7007/ 810-342-7020
Facsimile:  248-901-4040
Email:  rszymczak@plunkettcooney.com
Email:  rclarke@plunkettcooney.com

Dated:  Thu, Mar 25, 2021

## PROOF OF SERVICE

The undersigned certifies that on the 25th day of March, 2021, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

[ ]  Hand delivery      [ ]  Overnight mail
[ ]  U.S. Mail      [ ]  Facsimile
[ ]  E-Mail      [X]  Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*Kimberly Webster*

_____
Kimberly Webster

Open.13046.11061.26089981-1

2

# *Summons and Complaint*

 **CT Corporation**

**Service of Process Transmittal**
02/23/2021
CT Log Number 539099861

**TO:**  Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**  **Process Served in Michigan**

**FOR:**  WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Franklin Florence Johnson, Pltf. vs. Walmart, Inc., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Request, Certificate |
| **COURT/AGENCY:** | Wayne County - 3rd Circuit Court, MI<br>Case # 21002187NO |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 05/23/2020 at 5851 Mercury Dr., Dearborn, MI 48126 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 02/23/2021 postmarked on 02/18/2021 |
| **JURISDICTION SERVED :** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Jonathan Robert Marko<br>Marko Law, PLLC<br>1300 Broadway Street<br>Fifth Floor<br>Detroit, MI 48226<br>313-777-7LAW |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2021, Expected Purge Date: 03/01/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company<br>40600 Ann Arbor Road E<br>Suite 201<br>Plymouth, MI 48170<br><br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process
Transmittal**
02/23/2021
CT Log Number 539099861

**TO:**    Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**    **Process Served in Michigan**

**FOR:**   WALMART INC.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / GP



# MARKO LAW

1300 BROADWAY, FIFTH FLOOR
DETROIT, MICHIGAN 48226



7019 1120 0002 0964 6563



**US POSTAGE**
**$006.26⁰**

First-Class
ZIP 48081
02/18/2021
033A 0071808756

Walmart, Inc.
c/o The Corporation Company
40600 Ann Arbor Rd., E., Suite 201
Plymouth, MI 48170

48170$4675 C021

# JM MARKO **LAW**

| MARKOLAW.COM | P. (313) 777-7LAW  F. (313) 771-5785 |
| --- | --- |

**February 18, 2021**

**SENT VIA CERTIFIED MAIL**
Walmart, Inc.
c/o The Corporation Company
40600 Ann Arbor Rd., E., Suite 201
Plymouth, MI 48170

Re:    *Johnson-Franklin v. Walmart, Inc.*

Dear Registered Agent:

Enclosed please find a Summons, Complaint, and Jury Demand related to the above referenced lawsuit. Please forward to your attorney at your earliest convenience.

Very truly yours,

**MARKO LAW, PLLC**

Heather Ducharme
Paralegal to Kirstina R. Magyari, Esq.
1300 Broadway, 5th Floor
Detroit, MI 48226
Telephone/Fax: (313) 528-0118
Heather@markolaw.com

**MAIN OFFICE:**
1300 BROADWAY ST. | 5TH FLOOR
DETROIT MI 48226

*PLEASE DIRECT ALL MAIL*
*TO OUR DETROIT OFFICE*

**MID MICHIGAN OFFICE:**
600 EAST BROADWAY, SUITE 101
MOUNT PLEASANT, MI 48858

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>21-002187-NO<br>Hon.Martha M. Snow |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226                                   Court telephone no.: 313-224-6889

| Plaintiff's name(s), address(es), and telephone no(s)<br>Johnson-Franklin, Florence | v | Defendant's name(s), address(es), and telephone no(s).<br>Walmart, Inc. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Jonathan Robert Marko 72450<br>1300 Broadway St Ste 500<br>Detroit, MI 48226-2274 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or  family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving  the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☑ MDHHS  and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the  complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐_____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains  ☐ is no longer  pending.

| Summons section completed by court clerk. | **SUMMONS** |
|---|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons  and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>2/17/2021 | Expiration date*<br>5/19/2021 | Court clerk<br>Angila Mayfield |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)                SUMMONS                MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

FLORENCE JOHNSON-FRANKLIN,

          Plaintiff,

          Case No. 21-     -NO

          Honorable

-V-

WALMART, INC.,

          Defendant.

---

JONATHAN R. MARKO (P72450)
KATHERINE H. OLDS (P84603)
**MARKO LAW, PLLC**
Attorneys for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7LAW
Fax: (313) 771-5785
katherine@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

---

**COMPLAINT AND JURY REQUEST**

    NOW COMES the above-named Plaintiff, by and through her attorneys, MARKO LAW,

PLLC, and for her Complaint against the above-named Defendant, states as follows:

**INTRODUCTION**

1

21-002187-NO FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   2/17/2021 4:54 PM   Angila Mayfield

MARKOLAW.COM

1300 BROADWAY ST, I 5TH FLOOR
DETROIT MI 48226

P:(313) 777-7LAW
F:(313) 771-5785

(JM) MARKO LAW

1.      This is an action for money damages brought pursuant to the statutes and common law of the State of Michigan against Walmart, Inc.

2.      This lawsuit arises out of events occurring within the City of Dearborn, County of Wayne, State of Michigan.

3.      This Court has jurisdiction as a result of the damages sustained by the Plaintiff and the amount in controversy in this case is well in excess of this Court's jurisdictional limits.

## PARTIES

4.      Plaintiff is a resident of Detroit, Michigan.

5.      Defendant Walmart, Inc., was, at all times relevant hereto, a corporation doing business across the County of Wayne, Michigan.

## COMMON FACTUAL ALLEGATIONS

6.      This lawsuit arises out of a slip and fall occurring at Walmart Supercenter at 5851 Mercury Dr., Dearborn, MI 48126 on or about May 23, 2020.

7.      Defendant had control of subject premises.

8.      Plaintiff was an invitee of Defendant.

9.      Plaintiff was walking in the produce area of which Defendant had control.

10.     The floor of the produce area had a puddle of spilled water that blended into the shiny floor.

11.     No warning sign was present to inform Plaintiff of the floor's condition.

12.     Defendant failed to warn Plaintiff in any way of the dangerous conditions that existed at the subject premises.

13.     Unbeknownst to Plaintiff, the wet floor was hazardous.

2

14. Due to the floor's defective condition, Plaintiff fell as she tried to walk through the produce area.

15. Plaintiff could not see the defective condition of the floor before or as she stepped on it.

16. Due to the fall, Plaintiff was stuck on the floor, unable to get up and walk away.

17. Plaintiff laid on the floor for 45 minutes waiting for an ambulance.

18. Defendant's employees put a "wet floor" sign in the area after she fell.

19. Plaintiff was taken to the emergency room by ambulance and she has required continued appointments with orthopedic doctors and physical therapists and may require back surgery due to the fall.

20. Plaintiff has been unable to return to her job as a home help aid and has only recently been able to begin working "light duty" chores.

21. Plaintiff has incurred and continues to incur hospital bills she cannot pay and Defendant's claims services department has refused her request for medical bill reimbursement.

22. As a result of the slip and fall and Defendant's negligence, Plaintiff has suffered severe and permanent injuries.

## COUNT I
## NEGLIGENCE

23. Plaintiff herein by reference incorporates paragraphs 1 through 22 of her Complaint as though fully set forth herein.

24. At all times, the Defendant owed to Plaintiff a duty to maintain its premises and place of business in a reasonably safe condition, to exercise ordinary care to protect Plaintiff from unreasonable risks of injury that were known or should have been known by Defendant, to warn

3

Plaintiff of any and all dangerous conditions existing on Defendant's property, to inspect and discover possible dangerous conditions, and to render assistance to Plaintiff after she was injured.

25.   Defendant knew and/or should have known that the floor was dangerous.

26.   Defendant breached its duties to Plaintiff in numerous ways, including but not limited to the following:

    a.   Failing to keep the floor safe;

    b.   Failing to warn its invitees and/or business visitors of the dangers associated with the walkway;

    c.   Failing to maintain the premises in a reasonably safe condition;

    d.   Failing to inspect the floor for hazards, dangers, and improper conditions at the premise;

    e.   Failing to clear the floor of hazards, dangers, and improper conditions at the premise; and

    f.   Failure to properly train, supervise, and retain its employees.

27.   As a direct and proximate result of Defendant's negligence as described above, Plaintiff has suffered and will continue to suffer damages, including but not limited to:

    a.   Limited mobility;

    b.   Ankle injury;

    c.   Back injury possibly requiring surgery;

    d.   Joint injury;

    e.   Physical pain and suffering and emotional trauma and suffering;

    f.   Swelling and bruising;

    g.   Medical costs;

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

(M) MARKOLAW

4

h.  Loss of wages and/or earning capacity;

i.  Damaged credit;

j.  Denial of social pleasure and enjoyment;

k.  Depression

l.  Future damages;

m.  Any and all other damages that become known the course of discovery in this matter.

## COUNT II
## PREMISE LIABILITY

28.  Plaintiff herein by reference incorporates paragraphs 1 through 27 of her Complaint as though fully set forth herein.

29.  At all times mentioned herein, Defendant negligently, carelessly and recklessly owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised the subject premises, and/or permitted or created the dangerous condition on the subject premises so as to cause or allow dangerous and/or defective conditions thereon, and that at all times mentioned herein, the conditions of said premises were such that individuals upon the subject premises, including Plaintiff, were exposed to danger and injury while lawfully on the subject premises.

30.  Defendant failed to warn Plaintiff of the dangerous conditions that existed at the subject premises.

31.  Defendant knew, or in the exercise of reasonable care should have known, that unless reasonable inspection, care, control and maintenance were taken of the subject premises, that a dangerous but deceptive condition would exist on the premises Defendant controlled.

5

MARKOLAW.COM

1300 BROADWAY ST. 5TH FLOOR
DETROIT MI 48226

P: (313) 777-7LAW
F: (313) 771-5785

(JM) MARKOLAW

Defendant negligently failed to take reasonable precautions to prevent injuries to persons lawfully on the subject premises, including Plaintiff.

32. Defendant breached its duties to Plaintiff in numerous ways, including but not limited to the following:

a.   Failing to keep the floor safe.

b.   Failing to warn its invitees and/or business visitors of the dangers associated with the floor.

c.   Failure to take other corrective measures.

d.   Failing to maintain the premises in a reasonably safe condition.

e.   Failing to inspect the walkway for hazards, dangers, and improper conditions at the premise.

f.   Failing to clear the walkway of hazards, dangers, and improper conditions at the premise.

g.   Failure to properly train, supervise, and retain its employees.

33. As a direct and proximate result of Defendant's negligence as described above, Plaintiff has suffered and will continue to suffer damages, including but not limited to:

a.   Limited mobility;

b.   Ankle injury;

c.   Back injury possibly requiring surgery;

d.   Joint injury;

e.   Physical pain and suffering and emotional trauma and suffering;

f.   Swelling and bruising;

g.   Medical costs;

6

MARKOLAW.COM

1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: (313) 771-6785

(M) MARKO LAW

h.    Loss of wages and/or earning capacity;

i.    Damaged credit;

j.    Denial of social pleasure and enjoyment;

k.    Depression

l.    Future damages;

m.    Any and all other damages that become known the course of discovery in this matter.

**WHEREFORE**, Plaintiff prays for judgment against Defendant in whatever amount the Court or Jury determines to be fair, just, and adequate compensation for the injuries and damages sustained, together with interest, court costs and attorney fees.

Respectfully submitted,

*/s/ Katherine H. Olds*
Katherine H. Olds (P84603)
**Marko Law, PLLC**
Attorneys for Plaintiffs
1300 Broadway Street, Fifth Floor
Detroit, Michigan 48226
(313) 777-7LAW / Fax: (313) 771-5785
katherine@markolaw.com

Dated: February 17, 2021

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by e-filing with the Circuit Court on February 17, 2021.

*/s/ Heather Ducharme*

7

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

FLORENCE JOHNSON-FRANKLIN,

          Plaintiff,

-V-

WALMART, INC.

          Defendant.

Case No. 21-     -NO

Honorable

---

JONATHAN R. MARKO (P72450)
KATHERINE H. OLDS (P84603)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
Phone: (313) 777-7LAW
Fax: (313) 771-5785
katherine@markolaw.com

---

## **REQUEST FOR JURY TRIAL**

    NOW COMES Plaintiff, by and through her attorneys, MARKO LAW, PLLC, and

requests a trial by jury in the above-captioned matter.

                              Respectfully submitted,

                              */s/ Katherine H. Olds*
                              Katherine H. Olds (P84603)
                              **Marko Law, PLLC**
                              Attorneys for Plaintiffs
                              1300 Broadway Street, Fifth Floor
                              Detroit, Michigan 48226
                              (313) 777-7LAW / Fax: (313) 771-5785
Dated: February 17, 2021          katherine@markolaw.com

Angila Mayfield 2/17/2021 4:54 PM Cathy M. Garrett WAYNE COUNTY CLERK

21-002187-NO FILED IN MY OFFICE

MARKOLAW.COM
1300 BROADWAY ST. | 5TH FLOOR
DETROIT, MI 48226
P: (313) 777-7LAW
F: (313) 771-5785

MARKO LAW

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by e-filing with the Circuit Court on February 17, 2021.

_/s/ Heather Ducharme_

2

# *Answer to Plaintiff's Complaint*

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNT OF WAYNE

FLORENCE JOHNSON-FRANKLIN,          Case No: 21-002187-NO
                                     Honorable Martha M. Snow
         Plaintiff,

v

WALMART, INC.,

         Defendant.

---

| JONATHAN R. MARKO (P72450) | RICHARD G. SZYMCZAK (P29230) |
|---|---|
| KATHERINE H. OLDS (P84603) | ROCHELLE L. CLARKE (P79054) |
| MARKO LAW, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1300 Broadway Street, Fifth Floor | 38505 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Phone: 313-777-7LAW | Phone: 248-342-7007/ 810-342-7020 |
| Facsimile: 313-771-5785 | Facsimile: 248-901-4040 |
| Email: Katherine@markolaw.com | Email: rszymczak@plunkettcooney.com |
| | Email: rclarke@plunkettcooney.com |

---

### **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

---

NOW COMES Defendant, WAL-MART STORES EAST LP, a foreign limited partnership, misidentified in the Complaint as WALMART, INC., by and through its attorneys, PLUNKETT COONEY, and in Answer to Plaintiff's Complaint, states as follows:

### **INTRODUCTION**

1.      In response to the allegations contained in paragraph 1, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

Document received by the MI Wayne 3rd Circuit Court.

2.      In response to the allegations contained in paragraph 2, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

3.      In response to the allegations contained in paragraph 3, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

**PARTIES**

4.      In response to the allegations contained in paragraph 4, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

5.      No contest.

**COMMON FACTUAL ALLEGATIONS**

6.      In response to the allegations contained in paragraph 6, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

7.      In response to the allegations contained in paragraph 7, Defendant denies the allegations contained therein in the form and manner alleged an in fact.

8.      In response to the allegations contained in paragraph 8, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

9.      In response to the allegations contained in paragraph 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

Document received by the MI Wayne 3rd Circuit Court.

10.    In response to the allegations contained in paragraph 10, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

11.    In response to the allegations contained in paragraph 11, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

12.    In response to the allegations contained in paragraph 12, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

13.    In response to the allegations contained in paragraph 13, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

14.    In response to the allegations contained in paragraph 14, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

15.    In response to the allegations contained in paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

16.    In response to the allegations contained in paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

17.    In response to the allegations contained in paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

Document received by the MI Wayne 3rd Circuit Court.

18.     In response to the allegations contained in paragraph 18, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

19.     In response to the allegations contained in paragraph 19, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

20.     In response to the allegations contained in paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

21.     In response to the allegations contained in paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of same and leaves Plaintiff to her strict proofs.

22.     In response to the allegations contained in paragraph 22, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

## COUNT I- NEGLIGENCE

23.     Defendant incorporates by reference and otherwise repeats and realleges its answers to Paragraphs 1-22 of the Complaint as if set forth in their entirety.

24.     In response to the allegations contained in paragraph 24, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

25.     In response to the allegations contained in paragraph 25, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

26.     In response to the allegations contained in paragraph 26 (a)-(f), Defendant denies the allegations contained therein in the form and manner alleged and in fact.

Document received by the MI Wayne 3rd Circuit Court.

27.    In response to the allegations contained in paragraph 27 (a)-(m), Defendant denies the allegations contained therein in the form and manner alleged and in fact.

## COUNT II- PREMISES LIABILITY

28.    Defendant incorporates by reference and otherwise repeats and realleges its answers to Paragraphs 1-27 of the Complaint as if set forth in their entirety.

29.    In response to the allegations contained in paragraph 29, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

30.    In response to the allegations contained in paragraph 30, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

31.    In response to the allegations contained in paragraph 31, Defendant denies the allegations contained therein in the form and manner alleged and in fact.

32.    In response to the allegations contained in paragraph 32(a)-(g), Defendant denies the allegations contained therein in the form and manner alleged and in fact.

33.    In response to the allegations contained in paragraph 33 (a)-(m), Defendant denies the allegations contained therein in the form and manner alleged and in fact.

WHEREFORE, Defendant respectfully requests this Honorable Court enter an Order for Judgement of No Cause for Action in its favor, together with costs and attorney fees to be taxed.

Respectfully submitted,

*/s/Rochelle L. Clarke*
Richard G. Szymczak (P29230)
Rochelle L. Clarke (P79054)
Attorneys for Defendant
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(810) 342-7007/(810) 342-7020
rszymczak@plunkettcooney.com

Document received by the MI Wayne 3rd Circuit Court.

rclarke@plunkettcooney.com

Dated:  March 23, 2021

Document received by the MI Wayne 3rd Circuit Court.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNT OF WAYNE

FLORENCE JOHNSON-FRANKLIN,   Case No: 21-002187-NO
                Honorable Martha M. Snow

   Plaintiff,

v

WALMART, INC.,

   Defendant.

_____

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | RICHARD G. SZYMCZAK (P29230) |
| KATHERINE H. OLDS (P84603) | ROCHELLE L. CLARKE (P79054) |
| MARKO LAW, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1300 Broadway Street, Fifth Floor | 38505 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Phone: 313-777-7LAW | Phone: 248-342-7007/ 810-342-7020 |
| Facsimile: 313-771-5785 | Facsimile:  248-901-4040 |
| Email: Katherine@markolaw.com | Email: rszymczak@plunkettcooney.com |
| | Email: rclarke@plunkettcooney.com |

_____

**DEFENDANT'S RELIANCE UPON JURY DEMAND**

_____

   NOW COMES Defendant, WAL-MART STORES EAST LP, a foreign limited partnership, misidentified in the Complaint as WALMART, INC., by and through its attorneys, PLUNKETT COONEY and hereby relies upon the Demand for Trial by Jury filed by Plaintiff.

          Respectfully submitted,

          */s/Rochelle L. Clarke*_____
          Richard G. Szymczak (P29230)
          Rochelle L. Clarke (P79054)
          Attorneys for Defendant
          38505 Woodward Ave., Ste. 100

Document received by the MI Wayne 3rd Circuit Court.

Bloomfield Hills, MI 48304
(810) 342-7007/(810) 342-7020
rszymczak@plunkettcooney.com
rclarke@plunkettcooney.com

Dated:  March 23, 2021

Document received by the MI Wayne 3rd Circuit Court.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNT OF WAYNE

FLORENCE JOHNSON-FRANKLIN,                    Case No:  21-002187-NO
                                              Honorable Martha M. Snow

      Plaintiff,

v

WALMART, INC.,

      Defendant.

---

| | |
|---|---|
| JONATHAN R. MARKO (P72450) | RICHARD G. SZYMCZAK (P29230) |
| KATHERINE H. OLDS (P84603) | ROCHELLE L. CLARKE (P79054) |
| MARKO LAW, PLLC | PLUNKETT COONEY |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 1300 Broadway Street, Fifth Floor | 38505 Woodward Avenue, Suite 100 |
| Detroit, MI 48226 | Bloomfield Hills, MI 48304 |
| Phone: 313-777-7LAW | Phone: 248-342-7007/ 810-342-7020 |
| Facsimile: 313-771-5785 | Facsimile:  248-901-4040 |
| Email: Katherine@markolaw.com | Email: rszymczak@plunkettcooney.com |
| | Email: rclarke@plunkettcooney.com |

---

## **DEFENDANT'S AFFIRMATIVE DEFENSES**

---

      NOW COMES Defendant, WAL-MART STORES EAST LP, a foreign limited partnership, misidentified in the Complaint as WALMART, INC., by and through its attorneys, PLUNKETT COONEY and hereby asserts the following Affirmative Defenses in the above-entitled cause of action:

      1.    Plaintiff has failed to state a valid claim in whole or in part upon which relief can be granted; therefore, Defendant is entitled to summary disposition as a matter of law.

Document received by the MI Wayne 3rd Circuit Court.

2.      There is no genuine issue as to any material fact; therefore, Defendant is entitled to summary disposition as a matter of law.

3.      The premise in question was maintained in a reasonably safe condition at all times relevant to this action.

4.      Defendant did not know or have reason to know of the dangerous or defective condition referenced in Plaintiff's Complaint.

5.      Plaintiff's claim is barred by the open and obvious doctrine.

6.      Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

7.      The sole and proximate cause of any and all injuries suffered by Plaintiff is the result of Plaintiff's own contributory and/or comparative negligence.

8.      The sole and proximate cause of any and all injuries suffered by Plaintiff, are the result of Plaintiff's own conduct.

9.      To the extent applicable, the sole, direct and proximate cause of Plaintiff's injuries was an independent intervening act beyond the control of Defendant.

10.     Plaintiff has failed to mitigate her damages.

11.     Plaintiff's claims may be barred by the doctrine of laches in that some evidence may no longer be available or may be in an altered state, prejudicing and/or preventing Defendant from preparing its defense.

12.     To the extent Plaintiff seeks recovery from Defendant premised upon damages for medical care, rehabilitation service or any other economic loss, all or part of which have been paid or are to be paid by a collateral source, Defendant is entitled to have a reduction of that portion of any judgment pursuant to MCL 600.6303.

Document received by the MI Wayne 3rd Circuit Court.

13.    Defendant complied with all duties applicable under Michigan law, and therefore, denies that it has breached any duties owed to Plaintiff resulting in Plaintiff's alleged injuries.

14.    Defendant reserves the right to amend its affirmative defenses as same become known through discovery.

Respectfully submitted,

*/s/Rochelle L. Clarke*_____
Richard G. Szymczak (P29230)
Rochelle L. Clarke (P79054)
Attorneys for Defendant
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI 48304
(810) 342-7007/(810) 342-7020
rszymczak@plunkettcooney.com
rclarke@plunkettcooney.com

Dated:  March 23, 2021

## PROOF OF SERVICE

The undersigned certifies that on the 23rd day of March, 2021, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

[ ]  Hand delivery          [ ] Overnight mail
[ ]  U.S. Mail              [ ] Facsimile
[ ]  E-Mail                 [X]  Electronic e-file

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief. Glow

*Kimberly Webster*

_____
Kimberly Webster

Open.13046.11061.26020504-1

Document received by the MI Wayne 3rd Circuit Court.

Open.13046.11061.26020504-1

Document received by the MI Wayne 3rd Circuit Court.